1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9   MATTHEW DEWAN, individually,          CASE NO. 1:14-CV-01151-AWI-MJS

10                      Plaintiff,

11              v.                          ORDER ON DEFENDANT'S MOTION
                                            TO TRANSFER TO THE SOUTHERN
12  M-I, L.L.C., doing business as M-I      DISTRICT OF TEXAS
    SWACO,
13                                          (Doc. 73)
                        Defendant.
14

15

16

17          This case ("the Dewan matter") stems from an employment relationship between Plaintiff

    Matthew Dewan and Defendant M-I, L.L.C. ("M-I"), in which Dewan alleges he was misclassified
18
    as an exempt employee under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and
19
    now seeks to recover overtime pay as well as asserts violations of the Texas Labor Code.  Dewan,
20
    a former drilling fluid specialist for M-I, filed the instant suit on December 14, 2014 in the
21
    Southern District of Texas as a putative class action, but failed to move for conditional
22
    certification, and it is now too late to do so.  Sarmad Syed and Ashley Balfour ("the Syed
23
    Plaintiffs"), also former drilling fluid specialists for M-I alleging that they were improperly
24
    classified as exempt employees and not paid overtime under the FLSA and additionally alleging
25
    Rule 23 class action for wage and hour violations under the California Labor Code, had previously
26
    filed a collective action in the Eastern District of California on October 18, 2012[1] and moved for
27

28  _____
    [1] Syed, et al., v. M-I., L.L.C. d/b/a M-I SWACO, et al., Case No. 1:12-cv-01718-AWI-MJS (E.D. Cal.) ("the Syed
    matter").

conditional nationwide certification on July 8, 2013.[2]  The <u>Syed</u> Plaintiffs subsequently filed in the Southern District of Texas a motion to intervene and transfer the later filed <u>Dewan</u> matter to this court.  The District Judge in Texas granted the motion.  Doc. 52.  M-I has now filed a motion to transfer the <u>Dewan</u> matter back to the Southern District of Texas.  Doc. 73.  Dewan opposes.  Doc. 75.

### *Order Granting Motion to Intervene and Transfer*

The Magistrate Judge in the Southern District of Texas recommended that the court grant the <u>Syed</u> Plaintiff's motion to intervene and transfer.  The Magistrate Judge reasoned that there was no dispute that the claims of both suits share some common questions of law and fact, and determined that <u>Dewan</u> should be transferred to the Eastern District of California pursuant to the "first-filed rule" in order to "avoid waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."  <u>West Gulf Maritime Ass'n v. ILA Deep Sea Local 24</u>, 751 F.2d 721, 729 (5th Cir. 1985). The Magistrate Judge found that transfer was preferable to outright dismissal because of substantial overlap between the allegations in the first-filed action and <u>Dewan</u>.  The Magistrate Judge further found that while intervention of the <u>Syed</u> Plaintiffs, if viewed separately, might appear to delay adjudication of the original parties' rights, the fact that it was filed along with a motion to transfer to California where the first-filed action is pending means the intervention would not delay or prejudice the rights of the original parties.  Doc. 47, 3.  In response to M-I's

---

[2] The <u>Syed</u> Plaintiffs' motion seeks certification for:

> "All persons who were, are, or will be employed by Defendant, on or after the date that is three years before the issuance of an Order authorizing Notice (the 'FLSA Class Period'), in the job position known as drilling fluid specialists ('DFS'), 'mud engineer,' 'mudman,' 'mud man trainee,' or 'consultant mud man,' or equivalent titles (the 'FLSA Collective Plaintiffs')."

Dewan's Original Complaint defined that actions' putative class as:

> "All current and former drilling fluid specialists or any other employee who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendant during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and/or (3) were compensated on any basis where they were not properly paid at a rate of time and a half for hours worked in excess of forty (40)."

1    contention that the facts and claims are not sufficiently similar, the Magistrate Judge disagreed and

2    found—"based on the nature of Dewan's job and work responsibilities, the jobs and work

3    responsibilities of the <u>Syed</u> Plaintiffs, and the nearly identical FLSA overtime claims and FLSA

4    exemption issues—substantial overlap between the allegations and claims in this case and the

5    allegations and claims in the <u>Syed</u> action." <u>Id</u>. at 4.  Although the <u>Syed</u> Plaintiffs asserted some

6    claims under California state law, while Dewan asserted only FLSA claims, the Magistrate Judge

7    determined that the FLSA claims in both suits are the same and support transfer of the case.  She

8    rejected M-I's arguments that the <u>Syed</u> Plaintiffs delayed in seeking transfer and emphasized that

9    M-I's filing of a motion for summary judgment one day after the <u>Syed</u> Plaintiffs filed their motion

10   to intervene and transfer supports her finding that the <u>Syed</u> Plaintiffs did not purposely delay filing

11   their motion.

12          M-I subsequently objected to virtually all of the Magistrate Judge's findings and

13   recommendation, but the District Judge overruled the objections, affirmed the findings of the

14   Magistrate Judge, and granted the motion to intervene and transfer the <u>Dewan</u> matter to the

15   Eastern District of California.  In granting the transfer the District Judge further found that "M-I

16   Swaco has failed to show compelling circumstances that would warrant denial of the motion to

17   intervene and transfer pursuant to the first-filed rule.  There is no evidence that the <u>Syed</u> action

18   was preemptive suit or an improper anticipatory filing; indeed it was filed approximately two

19   months before the instant action.  Nor has any bad faith or forum manipulation on their or

20   Dewan's part been shown.  Nor has the <u>Syed</u> Plaintiffs' delay in filing their motion been shown to

21   be a calculated effort to manipulate the forum."  Doc. 52, 26:2-10.

22          *Defendant's Arguments*

23          M-I now argues that the <u>Syed</u> Plaintiffs' statement of facts in support of a current collateral

24   estoppel argument demonstrates that their prior motion to transfer the <u>Dewan</u> matter to the Eastern

25   District of California was made in bad faith upon misrepresentations for the purposes of delay and

26   forum shopping.  M-I alleges that in the original motion to transfer the <u>Syed</u> Plaintiffs represented

27   to the Southern District of Texas that there was complete overlap as to the FLSA claims and issues

28   and that the Plaintiffs in <u>Dewan</u> were similarly situated to the <u>Syed</u> Plaintiffs.  Now in this court

1    though the <u>Syed</u> Plaintiffs have reversed course and cite the differences noted in M-I's opposition

2    to the motion to transfer here.  Further, the <u>Syed</u> Plaintiffs originally represented that they would

3    seek to consolidate the matter, but now that the matter has been transferred they do not seek to do

4    so.  This all, M-I submits, demonstrates that the <u>Syed</u> Plaintiffs' prior representations to the

5    Southern District of Texas were not true.  Moreover, the District Judge in the Southern District of

6    Texas accepted these representations and relied upon them in granting the motion to transfer.

7         M-I further argues that the <u>Dewan</u> matter has no relationship to California and the

8    Southern District of Texas is the more convenient forum for the parties in <u>Dewan</u>.  First, Dewan

9    originally selected the Southern District of Texas as the preferred forum.  Second, there is no

10   connection or contact between Dewan and the Eastern District of California, but he did originally

11   maintain and prosecute his claims against M-I under the FLSA and Texas law through the

12   summary judgment stage in the Southern District of Texas.  Third, while Dewan works primarily

13   in Oklahoma, transportation between Oklahoma and Houston is fast and inexpensive.

14   Additionally, M-I's headquarters is located in the Southern District of Texas in Houston.  Four of

15   M-Is witnesses are located in Houston and Houston is a far more convenient location for the

16   remaining witnesses.  Fourth, judges in the Eastern District of California have heavier caseloads

17   than judges on the Southern District of Texas.  Finally, California does not have a local interest in

18   resolution of Dewan's FLSA claims.  In supplemental briefings filed at the court's directions, M-I

19   also notes that transferring the matter back to the Southern District of Texas would resolve the

20   issue of whether the Fifth Circuit or Ninth Circuit jurisprudence should control in the <u>Dewan</u>

21   matter and would restore the parties' expectations at the time the motion was filed.

22        M-I submits that Dewan's contention that M-I's motion is untimely and the Southern

23   District of Texas' transfer order is the law of the case ignores that this court is the ultimate

24   decision maker as to the appropriateness of transfer under the "first-to-file rule," that a prior order

25   under section 1404 can be reviewed, and that a motion to transfer under section 1404 can be

26   brought at any time.  Finally, Dewan's contention, that it is consistent to seek intervention and

27   argue that collateral estoppel should not apply, ignores that Dewan did not only seek intervention,

28   but also sought transfer allegedly for purposes of consolidation on a set of facts contrary to those

1  now asserted with regard to collateral estoppel.

2      *Plaintiff's Arguments*

3      Dewan treats the Southern District of Texas' decision to transfer here as law of the case

4  and M-I's current motion as a motion for reconsideration under Federal Rule of Civil Procedure

5  54(b).  Accordingly, since M-I's argument for transfer back to the Southern District of Texas does

6  not identify an intervening change in controlling law or any new evidence or identify how the

7  prior order transferring the matter here is clearly erroneous or manifestly unjust, the court does not

8  need to consider it.

9      Dewan also argues that venue is proper in the Eastern District of California and that there

10 is nothing inconsistent about requesting transfer under the "first-to-file rule" but opposing

11 consolidation.  There is a distinction between finding that the Syed and Dewan matters share

12 "common questions of law and fact" for purposes of justifying intervention and transfer to the first

13 filed forum, versus finding an "identify of issues litigated on the merits" for purposes of using an

14 individual FLSA judgment to collaterally estop a conditionally certified nationwide FLSA action.

15 The test for permissive intervention under Federal Rule of Civil Procedure 24(b) is: (1) whether an

16 independent ground for jurisdiction exists; (2) whether the motion to intervene is timely; and (3)

17 whether there exists a claim or defense shared between the main action and the intervener's suit.

18 See Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1107-8 (9th Cir. 2002).  Conversely,

19 collateral estoppel requires that (1) the issue necessarily decided at the previous proceeding is

20 identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final

21 judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party

22 or in privity with a party at the first proceeding.  Thus, while the Dewan and Syed matters may be

23 related cases that the same court should hear for pragmatic reasons, that does not mean that

24 Dewan's individual FLSA action will collateral estop a conditionally certified nationwide FLSA

25 action.

26     Procedurally, Dewan argues that M-I's motion to transfer the case back to the Southern

27 District of Texas is too late.  The record reflects that the transfer order was filed on June 27, 2014

28 and the transfer papers were docketed in this court on July 23, 2014.  Now nearing a year after the

1    transfer order M-I is moving to transfer the case back to Texas.

2        *Legal Standards*

3        The "first-to-file rule" is a doctrine of federal comity that permits a district court to decline

4    jurisdiction over an action "when a complaint involving the same parties and issues has already

5    been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95

6    (9th Cir. 1982). "The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample

7    degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower

8    courts.' " Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991) (quoting

9    Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 183–84 (1952)). Although

10   discretionary, the rule "serves the purpose of promoting efficiency well and should not be

11   disregarded lightly." Church of Scientology of Ca. v. U.S. Dept. of Army, 611 F.2d 738, 750 (9th

12   Cir. 1979). In applying the "first-to-file rule," a court looks to three threshold factors: "(1) the

13   chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues."

14   Alltrade, 946 F.2d at 625–26. If the action meets the requirements of the "first-to-file rule," the

15   court has the discretion to transfer, stay, or dismiss the action. Id. at 622. The district court

16   retains the discretion, however, to disregard the "first-to-file rule" in the interests of equity. Id. at

17   622. Under the "first-to-file rule," the court is not required to give consideration to the same

18   factors as it would under motions to transfer brought pursuant to 28 U.S.C. § 1404(a). See

19   Pacesetter Systems, 678 F.2d at 96. But "[i]n appropriate cases it would be relevant for the court

20   in the second-filed action to give consideration to the convenience of the parties and witnesses. . . .

21   However, normally the forum non conveniens argument should be addressed to the court in the

22   first-filed action." Id.; see also Alltrade, 946 F.2d at 928.[3]

23        Under a motion to transfer pursuant to 28 U.S.C. § 1404(a), a court may "transfer any civil

---

[3] The first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should decide which forum is appropriate. Courts in nearly every circuit have held that the court in which the second action was filed should defer to courts in the first-filed action. See, e.g., Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982) (holding that, as between two courts presented with duplicative litigation, the court in which the action was first filed "should be allowed to first decide issues of venue"); Tiber Labs., LLC v. Cypress Pharmaceuticals, Inc., 2007 WL 3216625, at *2 (N.D. Ga., May 11, 2007) ("Thus, once the court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed."); TPM Holdings v. Intra–Gold Indus., 91 F.3d 1, 4 (1st Cir. 1996).

action to any other district or division where it might have been brought" for the convenience of the parties and witnesses or in the interest of justice.  See 28 U.S.C. § 1404(a); Straus Family Creamery v. Lyons, 219 F.Supp.2d 1046, 1047 (N.D. Cal. 2002) (Zimmerman, J.).  District courts use a two-step analysis to determine whether a transfer is proper.  The threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought.  28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).  If venue would be appropriate in the transferee court, then the court must make an "individualized, case-by-case consideration of convenience and fairness."  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  Among the factors that a district court may consider in deciding whether a transfer is appropriate are: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) the ease of access to sources of proof; and (9) any relevant public policy of the forum state.  Id. at 498-99 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-31 (1988), and Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987)).

A transferee court may reconsider a prior ruling of a transferor court when the governing law has been changed by the subsequent decision of a higher court or when new evidence becomes available.  See Pacific Coast Marine Windshields v. Malibu, No. 1:11-cv-01594-LJO-BAM, 2011 WL 6046308, *2 (E.D. Cal. Dec. 5, 2011) ("Pacific Coast"); Crane Co. v. American Standard, 603 F.2d 244, 248–49 (2d Cir. 1979); Peterson v. Lindner, 765 F.2d 698, 704 (7th Cir. 1985).  Reconsideration is also proper when a clear error has been committed or when it is necessary to prevent manifest injustice.  See Pacific Coast, 2011 WL 6046308 at *2; Arizona v. California, 460 U.S. 605, 618 (1983).  When an action is transferred, that which has already been done remains untouched; only further proceedings in the case are referred to another tribunal.  See Pacific Coast, 2011 WL 6046308 at *2; Magnetic Eng'g & Mfg. v. Dings Mfg., 178 F.2d 866, 868 (2d Cir. 1950) (L. Hand, J.).  Under the law of the case doctrine, a transferee court does not directly review either

the transfer order or other rulings of the transferor court.  See Pacific Coast, 2011 WL 6046308 at

*2; In re Cragar Indus., 706 F.2d 503, 505 (5th Cir. 1983); Hayman Cash Register Co. v. Sarokin,

669 F.2d 162, 168–69 (3d Cir. 1982) (evaluating § 1406(a) transfer).  Nevertheless, "[l]aw of the

case directs a court's discretion, it does not limit the tribunal's power."  Pacific Coast, 2011 WL

6046308 at *2, quoting Arizona, 460 U.S. at 618.

"Motions to retransfer an action back to the transferor court are generally looked upon with

disfavor."  Saenz v. Playboy Publications, No. 81 C 5723, 1985 WL 1851 (N.D. Ill. June 10,

1985) (Moran, J.) (citations omitted); see also Starnes v. McGuire, 512 F.2d 918, 924 (D.C. Cir.

1974) (en banc); Grodinsky v. Fairchild Industries, Inc., 507 F.Supp. 1245, 1248 (D. Maryland

1981).  A motion to retransfer requires the "most impelling and unusual circumstances" or a

"manifestly erroneous transfer order" to overcome the law of the case doctrine.  Pacific Coast,

2011 WL 6046308 at *2 (quoting Cragar, 706 F.2d at 505).  "Failure to abide by the original

transfer order contains the additional potential mischief of tossing cases back and forth to the

detriment of an adjudication of the underlying merits of the case and to the respect due sister

courts."  Id.  It is not appropriate for a transferee court to make an independent determination as to

the propriety of the transfer of a case.  See Russell v. IU Int'l Corp., 685 F. Supp. 172, 175 (N.D.

Ill. 1988).  This rule, however, does not apply where the circumstances under which the transfer

was made have changed:

> [T]ransferee courts have expressed a strong reluctance to review a transfer order
> indirectly by means of a motion to retransfer.  They have the power to do so if the
> contention is that the transferor court lacked power to order the transfer rather than
> merely that the transferor court abused its discretion in applying the statute.  Even
> then, though, the doctrine of law of the case and notions of judicial comity
> ordinarily suggest that the decision of a coordinate court should not be
> reconsidered.  But such restraint is not universally exhibited.  *A motion to
> retransfer is perfectly appropriate, however, on a showing of changed
> circumstances, particularly when such development would frustrate the purpose of
> the change of venue.*

15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure (4th ed.) § 3846 (2015)

(emphasis added).  Thus, in considering retransfer, courts consider whether the original forum is

better for reasons which became known after the original transfer order and which were not

anticipated.  Pacific Coast, 2011 WL 6046308 at *2; Cragar, 706 F.2d at 505.  Courts have found

8

that where a case has been transferred to another district for consolidation and no consolidation

occurs, this can create an unanticipated change of circumstances justifying retransfer.  See Russell,

685 F.Supp. at 176.

In determining whether a case should be retransferred, some courts have also considered

whether a transfer would prejudice the parties and the private and public interests implicated by a

transfer of venue.  See Pacific Coast, 2011 WL 6046308 at *2; Scarborough v. Nat'l Ass'n of

Surety Bond Producers, 474 F.Supp.2d 64, 73 (D.D.C. 2007).  A plaintiff's choice of forum is

ordinarily entitled to considerable deference.  Pacific Coast, 2011 WL 6046308 at *2; Piper

Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); Decker Coal Co. v. Commonwealth Edison Co.,

805 F.2d 834, 843 (9th Cir. 1986).  However, "the degree to which courts defer to the plaintiff's

chosen venue is substantially reduced when the plaintiff's choice is not its residence or where the

forum lacks a significant connection to the activities alleged in the complaint."  Carolina Cas. Co.

v. Data Broadcasting Corp., 158 F.Supp.2d 1044, 1048 (N.D. Cal. 2001) (quoting Fabus Corp. v.

Asiana Express Corp., No. C 00–3172, 2001 WL 253185 at *1 (N.D. Cal. 2001)).

*Discussion*

The Southern District of Texas granted the motion to transfer to the Eastern District of

Texas based largely upon the overlap and similarities between the Dewan and Syed matters to

promote judicial efficiency and avoid conflicting piecemeal litigation, but implicit in this order

was the potential for consolidation.  In the Southern District of Texas, the Syed Plaintiffs indicated

that they would seek to consolidate Dewan with Syed.  Specifically, the Syed Plaintiffs stated that

they "respectfully request this Court grant Syed Plaintiffs' Motion for Intervention And To

Transfer permitting Syed Plaintiffs to intervene in Dewan and seek transfer of Dewan to the

Eastern District of California for potential consolidation and determination as to how to proceed."

Doc. 30, 11:4-7.  In reaching its decision to transfer the Dewan matter, the District Judge in Texas

relied upon these representations.  The District Judge stated "[i]f it is determined by the Eastern

District of California court that the cases are not substantially overlapping, Dewan will be able to

proceed to judgment on its own merits."  Doc. 52, 20:2-5.  Further, "[i]t will be for the California

court to decide whether the two actions should be combined."  Id. at 22:8-9.  Thus, the District

1   Judge's order was premised on the potential for consolidation.  But now that the matter has been

2   transferred to the Eastern District of California the <u>Syed</u> Plaintiffs have not filed a motion to

3   consolidate and the deadline to file such a motion has passed.  The <u>Dewan</u> Plaintiffs further "do

4   not request that the Court consolidate this case with <u>Syed</u>.  Nor do Plaintiffs request that the Court

5   reopen any deadlines that have already passed under the current scheduling order."  Doc. 65,

6   1:21-23.  Likewise, M-I takes that position "that this case should not be consolidated with <u>Syed</u>."

7   Doc. 66, 1.

8           This court should not now review the propriety of the Southern District of Texas' decision

9   to transfer this case to the Eastern District of California.  The court need not, however, review the

10  Southern District of Texas' decision in order to grant the pending motion to transfer.  The

11  Southern District of Texas' order left no question that inherent in the transfer to the Eastern

12  District of California was the potential for consolidation between the <u>Syed</u> and the <u>Dewan</u> matters.

13  No such consolidation will ever occur now.  That no consolidation will ever occur limits the

14  potential for judicial efficiency that was originally intended in transferring the <u>Dewan</u> matter to

15  this court.  There is also evidence of forum manipulation now as consolidation was the premise of

16  the <u>Syed</u> Plaintiffs' motion to transfer here, but after the motion was granted consolidation was

17  never sought.  Accordingly, original purposes of the transfer have been frustrated.  This frustration

18  creates an unanticipated change of circumstances that justifies retransferring the <u>Dewan</u> matter

19  back to the Southern District of Texas.  <u>See</u> <u>Pacific Coast</u>, 2011 WL 6046308 at *2; <u>Russell</u>, 685

20  F.Supp. at 176 (no consolidation frustrated purpose of transfer justifying retransfer to the original

21  forum).

22          Moreover, retransfer would not work a "manifest injustice" under the circumstances of the

23  case.  <u>See</u> <u>Pacific Coast</u>, 2011 WL 6046308 at *5.  Rather, it would restore the parties'

24  expectations at the time the motion was filed and provide a more convenient forum.  The Eastern

25  District of California has one of the largest cases loads of any federal district in the United States,

26  and the parties have already briefed the summary judgment motion with Fifth Circuit

27  jurisprudence.  Furthermore, Dewan originally selected the Southern District of Texas as the

28  preferred forum.  There is no connection or contact between Dewan and the Eastern District of

California, but he did originally maintain and prosecute his claims against M-I under the FLSA and Texas law through the summary judgment stage in the Southern District of Texas. Additionally, M-I's headquarters is located in the Southern District of Texas in Houston. Four of M-Is witnesses are located in Houston and Houston is allegedly a more convenient location for the remaining witnesses. Dewan did not oppose the delays associated with transfer when the Syed Plaintiffs original motion to transfer was pending. And transferring the matter back to the Southern District of Texas would not require the parties to resubmit the summary judgement briefings with Ninth Circuit jurisprudence. See McMasters v. U.S., 260 F.3d 814, 819 (7th Cir. 2001) (in federal question cases only when the law of the United States is specifically intended to be geographically non-uniform should the transferee court apply the circuit precedent of the transferor court); see also Hooper v. Lockheed Martin Corp., 688 F.3d 1037, 1046 (9th Cir. 2012).

For the forgoing reasons, the Court finds that Defendant's Motion to Transfer to the Southern District of Texas should be granted.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Transfer to the Southern District of Texas (Doc. 73) is GRANTED; and

2. The Clerk is directed to TRANSFER this case forthwith to the Southern District of Texas.

IT IS SO ORDERED.

Dated:   June 18, 2015                          _____

SENIOR  DISTRICT  JUDGE